JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Monique Burgess (wife) appeals the trial court's denial of her motion to vacate judgment, or in the alternative, motion to modify and to show cause and for attorney fees. Her motion followed the judgment entry of divorce with an attached and incorporated separation agreement.
 {¶ 2} Wife and plaintiff-appellee, Garry Burgess (husband), were married in June of 1999. Husband filed for divorce in April of 2000 on the grounds of incompatibility. Wife filed an answer denying that they were incompatible.
 {¶ 3} After holding a partial hearing in September, the court reset the case for hearing in October. Immediately after the September hearing, however, the parties and their counsel negotiated a settlement agreement. Because the court was already closed when they finished drafting their agreement, they signed it and slipped it under the judge's door.
 {¶ 4} The agreement consisted of two portions: the first part was a "fill-in-the-blank" entry of divorce and the second was a handwritten separation agreement, attached to it as "`Exhibit A' Addendum." The preprinted form stated that the parties had agreed to the divorce on the grounds of incompatibility. The term "incompatibility" was handwritten into a blank in the preprinted form; wife's withdrawal of her answer, which had denied incompatibility, was written between preprinted lines on the same form. Before this court, the only record indicating wife's denial that the parties were incompatible is her affidavit attached to her 60(B) motion in addition to a reference in the magistrate's decision[1]. Wife did not appeal the divorce entry.
 {¶ 5} The separation agreement portion of the document, which the magistrate found was handwritten by the wife's attorney, was signed separately by the parties. The agreemment divides their debt and states that wife would continue living in and paying the mortgage on the marital home, "until property is sold or ninety-days (90d)[sic], whichever occurs first. Both parties agree to list the property immediately and fully cooperate with realtors, listing agents, and any other person regarding the sale. * * * In the event the property is not sold within ninety days (90d)[sic], this court retains jurisdiction over the sale of this property and retains the right to make further orders concerning the sale or disposition of the property."
 {¶ 6} The court subsequently signed this agreement and entered it as a final judgment entry of divorce. Meanwhile, the court's order scheduling the October hearing had gone out the day before the judge signed the judgment entry, and the court did not retract or cancel it. When the parties and counsel appeared for the October hearing, they were told that the case was dismissed because the judgment was final.
 {¶ 7} Neither party appealed the judgment entry granting the divorce, but after ninety days wife filed a Civ.R. 60(B) motion to vacate the judgment. In this motion she claimed that they had received no offers on the house and that she could not afford to pay the mortgage. She also claimed that she had not agreed that the parties were incompatible. In the alternative, the motion requested modification of the settlement agreement. The court held a hearing on this motion before a magistrate on July 30, 2001.[2]
 {¶ 8} The magistrate denied the motion, and the trial court affirmed his ruling. Appealing this denial, wife states two assignments of error. Because we find that the court's journal entry is not a final appealable order, however, we do not address these assignments.
 {¶ 9} Civ.R. 54(B) states in pertinent part that unless the court finds no just reason for delay, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *." In the case at bar, the trial court failed to adjudicate all the rights and liabilities of the parties concerning the proceeds from the sale of the house and the payment of the mortgage after the ninety-day period stated in the entry. "[T]he trial court's judgment entry should address all issues submitted to the court for determination so that the parties may know, by referring to the judgment entry, what their responsibilities and obligations may be." Fields v. Fields, (Aug. 24, 1998) Lawrence App. No. 97 CA 50, at 6, 1998-Ohio-3970. The parties here cannot determine from the court's judgment entry what the responsibilities of each are concerning the mortgage once the ninety-day period elapsed.
 {¶ 10} Because the court's order is not a final order, we lack jurisdiction over the matter. Accordingly, we dismiss the instant appeal for lack of jurisdiction. Cokonougher v. Loring, Hocking App. No. 99CA020, 2001-Ohio-1090; McDonald v. McDonald, Highland App. No. 99CA2, 2000-Ohio-4350.
Appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellant and appellee share in the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND ANNE L. KILBANE, J., CONCUR.
[1] The magistrate stated, "it is apparent that [wife] did not agree that the parties were incompatible at that time, because the Judge elected to take an abrupt recess * * *."
[2] Wife claims that she denied incompatibility in testimony before the judge at the divorce hearing; however, she included only two pages of the transcript of the 60(B) hearing. Husband claimed in his brief, moreover, that the testimony contained in the two pages was refuted on cross-examination.